IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:19-CV-574-MHT |
| UNITED STATES OF AMERICA ) | [WO] |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

David Webb, an inmate at Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 8, 2019. Doc. No. 1. Webb challenges the validity of his conviction in the United States District Court for the Eastern District of Virginia for inducing interstate travel to defraud.[1] According to Webb, the trial court lacked jurisdiction under Article III to hear his case because he was not charged with conduct that actually injured the United States, and the government had no standing to prosecute him. Doc. No. 1 at 3–5; see also Doc. No. 4 at 1–2.

This court previously construed a similar habeas petition by Webb seeking relief under § 2241 as a 28 U.S.C. § 2255 motion and transferred that action to the Eastern District of Virginia for review and determination. *See Webb v. United States*, Civil Action No. 2:18-CV-841-MHT (M.D. Ala. 2018). The Eastern District of Virginia docketed the transferred action as Case No.1:18-CV-1456-CMH-IDD (E.D. Va.). In an order entered on August 1,

---

[1] The docket sheet from Webb's criminal case in the Eastern District of Virginia reflects that in October 2017, Webb pled guilty to inducing interstate travel to defraud, in violation of 18 U.S.C. § 2314. *United States v. Webb*, Case No. 1:17-CR-46-CMH (E.D. Va.). On April 6, 2018, the district court sentenced Webb to 48 months in prison. *Id.*

2019, the court for the Eastern District of Virginia denied Webb's construed § 2255 motion, finding his claims to be without merit. *Id*.

For the reasons that follow, the undersigned concludes that the instant action brought by Webb should be dismissed for lack of jurisdiction.

## II. DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions that are properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence

2

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Webb's self-described § 2241 petition challenges the legality of his conviction and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). Webb does not show that § 2255 would be an inadequate vehicle to present his claims. Indeed, Webb's claims challenging his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses.

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Regardless of the label Webb places on his pleadings, his petition

3

challenging his conviction and sentence must be considered as a motion under § 2255, rather than § 2241. Section 2255 remains Webb's exclusive remedy to bring a challenge to his conviction and sentence. Because he challenges a judgment entered in the Eastern District of Virginia, jurisdiction to consider a § 2255 motion would lie only in the Eastern District of Virginia. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction entered by the court for the Eastern District of Virginia.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. However, a § 1631 transfer to the Eastern District of Virginia would be futile in this case because AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals "[b]efore [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. § 2255(h). The Eleventh Circuit has observed that this language in § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive 28 U.S.C. § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court'").

As noted above in this Recommendation, this court previously construed a similar habeas petition by Webb seeking relief under § 2241 as a § 2255 motion and transferred the action to the Eastern District of Virginia for review and determination. *See Webb v.*

4

*United States*, Civil Action No. 2:18-CV-841-MHT (M.D. Ala. 2018). The Eastern District of Virginia docketed the transferred case as Case No.1:18-CV-1456-CMH-IDD (E.D. Va.). On August 1, 2019, the court for the Eastern District of Virginia entered an order denying Webb's construed § 2255 motion, finding his claims to be without merit. *Id*. Webb presents no evidence that, before filing the instant action in this court, he obtained permission from the appropriate court of appeals to file a successive § 2255 motion attacking his conviction and sentence.

This court lacks jurisdiction to consider Webb's successive § 2255 motion, and a transfer to the court of conviction, the United States District Court for the Eastern District of Virginia, would be futile where Webb has not obtained permission to file a successive § 2255 motion. Under these circumstances, the court finds that the interest of justice does not warrant a § 1631 transfer to the Eastern District of Virginia, and that dismissal of this action is proper.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Webb's petition, construed as a § 2255 motion, be DISMISSED, because this court is without jurisdiction to consider his challenge to his conviction entered by the United States District Court for the Eastern District of Virginia, and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 16, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done, on this the 30th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge